UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/2020
```

KEITH TODD,

                                 Plaintiffs,

              -against-

LEROY FIELDS; ADAM W. SILVERMAN;
ANNE MARIE McGRATH; TINA STANFORD;
ANTHONY J. ANNUCCI,

                                 Defendants.

20-CV-3608 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

     Plaintiff, currently incarcerated in Fishkill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are holding him in custody beyond the maximum expiration date of his sentence. By order dated June 22, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

     Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Leroy Fields, Adam W. Silverman, Anne Marie McGrath, Tina Stanford, and Anthony J. Annucci through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Leroy Fields, Adam W. Silverman, Anne Marie McGrath, Tina

Stanford, and Anthony J. Annucci and deliver all documents necessary to effect service to the

U.S. Marshals Service.

                                        SO ORDERED.

Dated:    June 24, 2020
          White Plains, New York

                                        _____
                                        NELSON S. ROMÁN
                                        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      Leroy Fields
        Superintendent
        Fishkill Correctional Facility
        P.O. Box 1245
        Beacon, NY 12508

2.      Adam W. Silverman
        Deputy Commissioner and Counsel
        New York State Department of Corrections and Community Supervision
        1220 Washington Avenue
        Albany, NY 12226

3.      Anne Marie McGrath
        Deputy Commissioner
        New York State Department of Corrections and Community Supervision
        1220 Washington Avenue
        Albany, NY 12226

4.      Tina Stanford
        Chairperson of Board of Parole
        New York State Department of Corrections and Community Supervision
        1220 Washington Avenue
        Albany, NY 12226

5.      Anthony J. Annucci
        Acting Commissioner
        New York State Department of Corrections and Community Supervision
        1220 Washington Avenue
        Albany, NY 12226