UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH TODD,

        Plaintiff,

 -against-

LEROY FIELDS, ADAM W. SILVERMAN,
ANNE MARIE MCGRATH, TINA STANFORD,
and ANTHONY J. ANNUCCI,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/25/2022

No. 20 Civ. 3608 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Keith Todd, a former inmate who completed a twenty-year sentence for unlawful sexual conduct with a child, brings this action for equitable relief and damages under 42 U.S.C. § 1943 against officials of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleging that they violated his rights under the Eighth and Fourteenth Amendments by holding him in custody beyond his term of imprisonment while they assisted him in finding housing compliant with the Sexual Assault Reform Act ("SARA").[1] (Compl., ECF No. 2.) He sues Defendants DOCCS Superintendent Leroy Fields, former DOCCS Deputy Commissioner and Counsel Adam W. Silverman, DOCCS Deputy Commissioner Anne Marie McGrath, DOCCS Acting Commissioner Anthony J. Annucci, and New York State Board of Parole Chairwoman Tina Stanford (collectively, "Defendants").

---

[1] SARA prohibits sex offenders from entering into or upon and living within 1,000 feet of a school. *See* N.Y. Exec. Law § 259-c(14); N.Y. Penal Law § 65.10(4–a). Hence, under SARA, the Parole Board must investigate and approve of a sex offender's residence upon his release from prison. *See* N.Y. Exec. Law § 259-c(14); *see also* DOCCS Directive No. 8305 (noting that it is DOCCS policy to "identify persons being released on parole . . . for imposition of a mandatory condition of supervision pursuant to Executive Law § 259-c(14) and to impose the condition . . . at the time of release or other point of eligibility determination"). Additionally, by law, Defendants are required to assist sex offenders in locating housing that is compliant with SARA. *See* 9 NYCRR § 8002.7(d)(3) ("[A]ll social service districts are required by statute, regulation and directive to arrange temporary housing assistance for eligible homeless individuals, including those who are sex offenders.").

Presently pending before the Court is Defendants' motion to dismiss *pro se* Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 30.) For the following reasons, the Court GRANTS Defendants' motion to dismiss.

## BACKGROUND

The following facts are derived from the Complaint or matters of which the Court may take judicial notice[2] and are taken as true and constructed in the light most favorable to *pro se* Plaintiff for the purposes of this motion.

On November 20, 2000, *pro se* Plaintiff was convicted of (1) sodomy in the first degree, in violation of N.Y. Penal Law § 130.50; (2) course of sexual conduct against a child in the first degree, in violation of N.Y. Penal Law § 130.75; and (3) endangering the welfare of a child, in violation of N.Y. Penal Law § 260.10, and was sentenced to twenty years' imprisonment. (Compl. at 4; Horan Decl., Ex. A (Sentence and Commitment Form, Nov 6, 2000), ECF No. 32-1.) *Pro se* Plaintiff was later resentenced to twenty years' imprisonment and five years of post-release supervision. (Compl. at 4; Horan Decl., Ex. B. (Sentence and Commitment Form, April 4, 2012), ECF No. 32-2.)

*Pro se* Plaintiff completed his twenty-year sentence on September 10, 2019, but he remained confined while serving his post-release supervision to a DOCCS Residential Treatment

---

[2] The Court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, ... and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Comm'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The Court may also consider documents subject to judicial notice, such as public records. *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *see also Awelewa v. New York City*, No. 11 CIV. 778, 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012) ("Judicial notice may be taken of public records, including 'arrest reports, criminal complaints, indictments, and criminal disposition data.'"); *Blount v. Moccia*, No. 1:16-CV-4505-GHW, 2017 WL 5634680, at *2 n.5 (S.D.N.Y. Nov. 21, 2017) (taking judicial notice of grand jury indictment and collecting cases); *Colliton v. Bunt*, No. 15-CV-6580 (CS), 2016 WL 7443171, at *5 (S.D.N.Y. Dec. 27, 2016), *aff'd*, 709 F. App'x 82 (2d Cir. 2018) (taking judicial notice of transcript of guilty plea and sentencing).

Facility at the Fishkill Correctional Facility.³ (Compl. at 4.) He alleges that he wrote to Superintendent Fields "on several occasions" about being held beyond his term of imprisonment, but that Superintendent Fields did not respond to such requests. (*Id.* at 5.)

On October 28, 2019, *pro se* Plaintiff appears to have filed a formal grievance on the matter, which Superintendent Fields subsequently denied on November 20, 2019, after an investigation by the Office of the Deputy Superintendent for Programs. (*Id.* at 17.) Superintendent Field's denial letter notes that, based on *pro se* Plaintiff's sex offender status, the Parole Board imposed conditions of post-release supervision under N.Y. Penal Law § 70.45(3), and that *pro se* Plaintiff could not be released until Parole Reentry found a SARA-compliant residence for him. (*Id.*) The denial letter also indicates that *pro se* Plaintiff was meeting with his assigned offender rehabilitation coordinator bi-weekly for address proposals, and that *pro se* Plaintiff had not proposed any new addresses for investigation. (*Id.*)

*Pro se* Plaintiff also pleads that he wrote to Deputy Commissioner Silverman, who responded on October 29, 2019, that *pro se* Plaintiff "must meet all conditions imposed by the Board of Parole prior to being released, including finding a SARA-compliant residence." (*Id.* at 30.) Deputy Commissioner Silver further advised *pro se* Plaintiff "to continue to work with [his] Offender Rehabilitation Coordinator to find and propose acceptable housing" while DOCCS continued to search SARA-compliant housing for him. (*Id.*)

On February 26, 2020, Deputy Commissioner McGrath issued the following notice regarding *pro se* Plaintiff's continued detention:

> Since an approved residence has not yet been identified, I am invoking my authority as Deputy Commissioner of [DOCCS] under section 73(10) of the Correction Law. Pursuant to such authority, you will remain in a Residential

---

³ *See* N.Y. Correct. Law § 73(10) ("The commissioner is authorized to use any residential treatment facility as a residence for persons who are on community supervision. Persons who reside in such a facility shall be subject to conditions of community supervision imposed by the board.")

3

>Treatment Facility until such time as you have proposed and DOCCS has approved a suitable residence.

(*Id.* at 33.) *Pro se* Plaintiff alleges that he wrote a response to Deputy Commissioner McGrath on April 13, 2020, but he does not indicate whether he received any further correspondence from her. (*Id.* at 6.) *Pro se* Plaintiff also claims he wrote to Commissioner Annucci and Chairwoman Stanford that same day about his continued detention, but he does not indicate whether he received any response. (*Id.* at 7–8.)

On May 7, 2020, *pro se* Plaintiff filed the instant action. (Compl., ECF No. 1.) Then, on October 9, 2020, *pro se* Plaintiff was released from custody. (*See* Horan Decl., Ex. C (DOCCS online Inmate Lookup printout) (indicating that *pro se* Plaintiff was released on Oct. 9, 2020);[4] *see also* ECF No. 23 (Nov. 18, 2020) (*pro se* Plaintiff notifying the Court of his change of address to Keener Men's Shelter, 64 Sunken Garden Loop, New York, NY 10035).)

On November 12, 2020, Defendants sought leave to file their motion to dismiss, which the Court subsequently granted and issued a briefing schedule. (ECF Nos. 22 & 26.) Defendants filed their respective briefing and *pro se* Plaintiff's on April 5, 2021: their notice of motion (ECF No. 30), declaration in support with accompanying exhibits (Horan Decl., ECF No. 32), memorandum in support ("Motion," ECF No. 31), reply ("Reply," ECF No. 35), and *pro se* Plaintiff's response in opposition ("Response in Opposition," ECF No. 34).

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's

---

[4] *See Barton v. Fischer*, No. 14 Civ. 4733 (SJF) (SIL), 2015 WL 4751683, at *2 (E.D.N.Y. Aug. 11, 2015) (taking judicial notice of period of a plaintiff's incarceration from the DOCCS online Inmate Lookup service).

favor. *Freidus v. Barclays Bank PLC,* 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. *Pro se* litigants are not exempt from these pleading standards, but courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). *Pro se* complaints are read with a "special solitude" to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted).

In applying these principles, the Court may consider facts alleged in the complaint and documents attached to it or incorporated by reference. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002) (internal quotation marks and citation omitted). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Id.* (internal citation omitted).

## II. 42 U.S.C. § 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it

describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## DISCUSSION

The Court liberally construes *pro se* Plaintiff's Complaint to assert claims for equitable relief and damages under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth and Fourteenth Amendments by holding him in custody beyond his term of imprisonment while they assisted him in finding SARA-compliant housing. (Compl. at 4–9.) The Court liberally construes *pro se* Plaintiff's Complaint to seek his immediate release from custody and $100,000 in monetary damages. (*Id.* at 11.)

Defendants move to dismiss *pro se* Plaintiff's Complaint on several grounds, two of which the Courts finds are particularly dispositive: first, *pro se* Plaintiff's equitable claims are moot because he was already released from custody, (Mot. at 13); and second, his damages claims are barred by the favorable termination rule set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994), (*Id.* at 13–15). After due consideration, the Court agrees with Defendants that *pro se* Plaintiff's Complaint must be dismissed on those grounds.

### I. *Pro se* Plaintiff's claims for equitable relief are moot because he has been released

As noted above, the Court construes *pro se* Plaintiff to assert claims seeking equitable relief for the alleged violations of his Eighth and Fourteenth Amendment rights because he seeks immediate release from custody. (Compl. at 11.) However, the Court agrees with Defendants that these claims for equitable relief are now moot because *pro se* Plaintiff was released from custody

6

on October 12, 2020. *See Krull v. Oey*, 805 Fed. App'x 73 (2d Cir. 2020) (challenge to prison conditions found moot upon release because the court could no longer provide the form of injunctive relief requested); *see also United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) (challenge seeking sentence reduction rendered moot upon release from imprisonment).

*Pro se* Plaintiff nonetheless seems to argue that his equitable relief claims fall within an exception of the mootness doctrine because the violations of his constitutional rights are "likely to be repeated and will typically evade review." (Resp. in Opp'n at 7–8). But the Court readily rejects his argument because there are no allegations in his Complaint by which he can "make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Indeed, *pro se* Plaintiff would have to allege facts showing that he is likely to be in state custody once again after completing another sentence of imprisonment for similar crimes of a sexual nature. Therefore, the Court dismisses *pro se* Plaintiff's claims for equitable relief with prejudice.

### II. *Pro se* Plaintiff's remaining damages claims are barred by *Heck*

Defendants next argue that all of *pro se* Plaintiff's remaining claims for damages are barred by the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court considered whether a state prisoner who sought monetary damages arising from an alleged unconstitutional conviction could pursue a claim under § 1983. *Id.* at 486–87. The Supreme Court determined that

> in order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a court's issuance of a writ of habeas corpus.

*Id.* at 486–87. The rule articulated in *Heck*—also known as the "favorable termination rule"—therefore precludes the use of § 1983 to seek damages if a judgment in favor of the plaintiff "would necessarily imply the invalidity" of a prior state or federal criminal conviction or sentence. *Id.*

"The Supreme Court has since clarified that *Heck* [also] applies to any challenge to the duration of 'confinement' that necessarily implies the invalidity of that confinement, even if that challenge would not implicate the underlying conviction or sentence." *Velazquez v. Gerbing*, No. 18-CV-8800 (KMK), 2020 WL 777907, at *8 (S.D.N.Y. Feb. 18, 2020) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis in original)); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (finding that a prisoner's claim for money damages alleging that he was deprived of good-time credits without due process necessarily implies the invalidity of the "punishment imposed," meaning the deprivation of the credits).

A prisoner may seek relief regarding the validity of the duration of his confinement in the federal courts through a petition for *habeas corpus*. *See Wilkinson*, 544 U.S. at 81 (holding that *habeas corpus* is the only remedy available to prisoners seeking to "invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody" (emphasis in original)); *see also Jenkins v. Haubert,* 179 F.3d 19, 23 (2d Cir. 1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only § 2254(b) with its exhaustion requirement may be employed.").

Here, most notably, *pro se* Plaintiff does not allege that either his conviction, sentence, or continued confinement has been overturned or called into question. *See Heck,* 512 U.S. at 480–90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence

8

does not accrue until the conviction or sentence has been invalidated."). Indeed, he acknowledges that he was convicted of various sexual crimes and does not allege that he was wrongly convicted. Nor does he contend that his twenty-year sentence was unconstitutional. Further, while *pro se* Plaintiff has already been released, *Heck* still applies because his confinement was not favorably terminated—*i.e.*, "was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

Moreover, the Court agrees with Defendants that the allegations of the Complaint seem to challenge the invalidity of his continued confinement. For example, in the factually similar case of *D'Angelo v. Annucci*, No. 16-CV-6459, 2017 WL 6514692 (S.D.N.Y. 2017), the plaintiff contended that the defendants were unconstitutionally delaying his conditional release by failing to assist the plaintiff with obtaining SARA-compliant housing, which he alleged was "arbitrary and capricious" behavior. *See id.* at *7. The court reasoned that "[i]f the Court were to find that [the d]efendants should have located SARA compliant housing, and ceased imposing arbitrary and discriminatory burdens on assistance, there would have been no obstacle for [the p]laintiff to immediately obtain conditional release on parole." *Id.* at *7 (citation and quotation marks omitted). Hence, the court determined that "the invalidity of [the plaintiff's] continued confinement beyond the date of his conditional release [was] necessarily implied by [the action before it], and it is therefore barred under *Heck* and its progeny." *Id.* at *7 (citation, alteration, and quotation marks omitted).

Similarly here, *pro se* Plaintiff alleges that Defendants deprived him of his liberty for keeping in custody beyond his term of imprisonment while they assisted him in finding SARA-compliant housing. If the Court were to find that Defendants violated *pro se* Plaintiff's

9

constitutional rights merely by performing their duties under state law, then the Court would effectively be holding that the Parole Board's imposition of post-release conditions upon him due to his sex offender status was unconstitutional. In other words, such holding would imply the invalidity of *pro se* Plaintiff's continued confinement after the expiration of his sentence. *See, e.g.*, *Marlow v. Fabian*, 676 F.3d 743, 746–47 (8th Cir. 2012) (applying *Heck* bar to a § 1983 action alleging constitutional violations based on imprisonment beyond a supervised release date); *Ahlers v. Boruch*, No. 04-CV-1747, 2007 WL 2042794, at *4 (E.D.N.Y. July 16, 2007) (dismissing the plaintiff's challenge to the imposition of parole residential conditions because, even "if a set of unconstitutional procedures kept [the plaintiff] in prison past [his conditional release] date, a successful attack on that set would mean immediate release for [the plaintiff], because no constitutional obstacle would remain between him and release," requiring barring of the plaintiff's claims under *Heck*); *Gastelu v. Breslin*, No. 03-CV-1339, 2005 WL 2271933, at *4 (E.D.N.Y. Sept 12, 2005) ("[A] finding that [the plaintiff's] due process rights were violated by . . . the imposition of . . . procedures used to determine whether he satisfied [the approved-housing] condition . . . would necessarily imply the invalidity of his continued confinement after the expiration of his sentence.")

Therefore, the Court concludes that all of *pro se* Plaintiff's remaining claims for damages are barred by *Heck* and must be dismissed.

### III. Leave to Amend

As a final matter, although *pro se* plaintiffs are generally given leave to amend a deficient complaint, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999), a district court may deny leave to amend when amendment would be futile because the problem with the claim "is substantive [and] better pleading will not cure it," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Milanese v. Rust—Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("Leave

to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility.")While courts should be more lenient when considering a *pro se* party's motion to amend than when considering that of a represented party, *see In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008), leave to amend is properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid claim, *see Valle v. Police Dep't Cnty. of Suffolk Cent. Records*, No. 10–CV–2847, 2010 WL 3958432, at *2 (E.D.N.Y. Oct. 7, 2010).

The Court finds that to be the case here. For the reasons articulated above, the Court concludes that, unless *pro se* Plaintiff's post-release conditions due to his sex offender status are invalidated, it would be futile to grant him leave to replead his § 1983 claims for alleged violations of his rights under the Eighth and Fourteenth Amendments.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (ECF No. 30) and DISMISSES *pro se* Plaintiff's Complaint in its entirety without leave to replead. The Clerk of Court is directed to terminate the motion at ECF No. 30, to enter judgment accordingly, and to close the case.

The Court also certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is further directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at his address listed on ECF and file proof of service on the docket.

Dated: February 25, 2022
      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge